IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Miscellaneous Action No. _____ |
| | ) | |
| SUBPOENA ISSUUED TO | ) | Underlying Case Pending in District of |
| UNITED COMMUNITY BANK | ) | Vermont, <u>United States of America v. Paul</u> |
| | ) | <u>Hendler</u>, Case No. 5:22-CR-00009 |

**NON-PARTY UNITED COMMUNITY BANK'S
MOTION TO QUASH OR MODIFY DEFENDANT'S
<u>SUBPOENA AND SUPPORTING MEMORANDUM OF LAW</u>**

Pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, non-party United Community Bank ("United") here files a Miscellaneous Action to move the United States District Court for the Northern District of Georgia to quash or modify the Subpoena to Produce Documents, Information, or Objects in a Criminal Case issued to United by the United States District Court for the District of Vermont on February 13, 2023, with a production date of May 4, 2023, which was served on United care of its Georgia counsel on April 5, 2023 (the "April Subpoena"), a copy of which is attached hereto as **<u>Exhibit 1</u>**.  The April Subpoena seeks all documents in United's Paycheck Protection Program ("PPP") loan file for a third party, Afternoonies, LLC d/b/a Blue Paddle Bistro.  United objects to the April Subpoena and moves to quash or modify it on the following grounds:

1. it seeks a third party's private and confidential banking records in contravention of O.C.G.A. §7-1-360(a);

2. it appears from one of Defendant's filings in the Vermont federal case that the Government may have provided Defendant some or all of the loan information it is seeking from United; and

3. the April Subpoena seeks private and confidential internal records of United and its customer with respect to a Small Business Administration loan, including the customer's PPP loan application and other business information and United's internal business records and its communications with the Small Business Administration.

## RELEVANT FACTUAL BACKGROUND

United is a state-chartered bank with branches in six states:  South Carolina, Georgia, North Carolina, Tennessee, Alabama and Florida.   It does not have branches in Vermont.

In mid-February 2023, United's Legal Department in Blairsville, Georgia received by regular mail a February 13, 2023 cover letter and Subpoena to Produce Documents, Information, or Objects in a Criminal Case from Defendant's counsel with a production date of March 17, 2023 (the "February Subpoena"), a copy of which is attached hereto as **Exhibit 2**.   The February 2023 Subpoena seeks the following information:

Any and all Paycheck Protection Program (PPP) Loan documents and information including, but not limited to, loan applications and supporting documents, reconciliation/forgiveness applications and supporting documents, and loan forgiveness determinations regarding Afternoonies, LLC d/b/a Blue Paddle Bistro

2

(EIN:   [XX-XXXXXXX]) for the time period of January 2020 through the present.

On March 13, 2023, United's counsel contacted Defendant's counsel to address service of the February Subpoena and to attempt to narrow the scope of the information sought by consent in accordance with a federal case concerning Small Business Association ("SBA") loan applications:

> Brooks and Ca[ssie], as I explained to Ca[ssie] a few minutes ago, your firm's Subpoena to Produce Documents, Information, or Objects in a Criminal Case issued February 13, 2023 (the "Subpoena"), was sent to our firm's client, United Community Bank, by regular mail. As Brooks acknowledges in the cover letter to the Subpoena, mailing the Subpoena was not proper service.
>
> United Community Bank ("United") has a footprint in six states: South Carolina, Georgia, North Carolina, Tennessee, Florida and Alabama. It is not doing business in or near Vermont and cannot be compelled to produce documents in Burlington, Vermont.
>
> The Subpoena seeks "Any and all Paycheck Protection Program (PPP) Loan documents and information, including, but not limited to, loan applications . . ." United objects to producing loan applications or information other than loan histories, loan agreements and promissory notes for any responsive PPP loans. PPP loans require SBA forms and are backed by the SBA. United is not aware of any reported decision authorizing the production of the confidential business information contained in any PPP applications or any communications between United and the SBA or underwriting analysis concerning borrowers. See Diamond Ventures, LLC v. Barreto, 452 F.3d 892, 897 (D.C. Circ. 2006) (SBA loan applicants have an expectation of privacy in the information in their applications); cf. WP Co. LLC v. U.S. Small Bus. Admin., 502 F.Supp. 3d 1, 2[6]-28 (D.D.C. 2020)

(Freedom of Information Act case concerning disclosure of borrowers' names, addresses and loan amounts (only)).

United would be willing to produce a loan history, promissory note and loan agreement for any responsive PPP loans in response to a properly-served subpoena. It objects to producing "Any and all" information concerning any PPP loan. Please let me know by the end of the day on Tuesday, March 14, 2023, whether you will agree to limit the scope of the Subpoena to a loan history, promissory note and loan agreement for any responsive PPP loans. If so, I am authorized to accept service of the Subpoena, and could send you a loan history, promissory note and loan agreement for any responsive PPP loans by secure FTP link in advance of the March 17, 2023 deadline in the Subpoena. If you are not willing to limit the scope of the Subpoena as proposed herein, we will file a Miscellaneous Action in the Northern District of Georgia and move to quash it.

March 13, 2023 E-mail from Jill Warner to Brooks McArthur and Cassie Parah

(the "Good Faith Email"), a copy of which is attached hereto as **Exhibit 3**.

On April 3, 2023, Ms. Parah responded to the Good Faith Email:

Jill:
Brooks has spoken with his client and he is not agreeable to the limited production.
Given this, we will arrange to have the Subpoena properly served.
Please let me know if your office will accept service of the Subpoena or if we should have it served directly on the bank.
Thank you,
Cassie

April 3, 2023 Email from Cassie Parah to Jill Warner, a copy of which is attached

hereto as **Exhibit 4**.

4

On April 4, 2023, Ms. Parah emailed United's counsel the April Subpoena, which seeks the same information as the February Subpoena but specifies a production date of May 4, 2023.  United's counsel acknowledged service of the April Subpoena on April 5, 2023.

## LEGAL STANDARD

The April Subpoena was issued pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure.  Rule 17(c) is "not as broad as its plain language suggests" and is narrower in scope than the corresponding rules of civil procedure. United States v. Reyes, 239 F.R.D. 591, 597 (N.D. Cal. 2006); see also United States v. Peterson, No. 20-20448, 2022 WL 9914428, at *2 (E.D. Mich. Oct. 17, 2022).

Rule 17 subpoenas are not intended to provide a means of discovery for criminal defendants.  See United States v. Nixon, 418 U.S. 683, 698 (1974). Rather, they serve to expedite trial by permitting the inspection of documents before they are admitted at trial.  Id. at 698–699. A party seeking to enforce a criminal subpoena must show that (1) the documents sought are evidentiary and relevant; (2) the documents could not otherwise be obtained reasonably in advance of trial through the exercise of due diligence; (3) the party would be unable to prepare properly for trial in the absence of the documents; and (4) the application for the subpoena is made in good faith, and is not intended as a "fishing

expedition." See id. at 699 (footnote omitted); see also United States v. Skilling, No. CRIM. H-04-025, 2006 WL 1006622, at *2-*5 (S.D. Tex. Apr. 13, 2006) (party seeking materials must identify specific, relevant, admissible evidentiary documents) (citation omitted).

A party who receives a Rule 17 subpoena may move for an order modifying or quashing the subpoena "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

## ARGUMENT

United's PPP loan to Afternoonies LLC in issue in the April Subpoena (the "PPP Loan") was made from its SBA Lender Location in Blairsville, Georgia. Because the PPP Loan was issued by a Georgia lender, it is subject to O.C.G.A. Section 7-1-360, which provides in pertinent part:

(a)    . . . . Neither shall any financial institution be required to disclose or produce to third parties, or permit third parties to examine any records pertaining to a deposit account, loan account, or other banking relationship except:

(1)    Where the financial institution itself is a proper or necessary party to a proceeding in a court of competent jurisdiction;

(2)    Where the records of accounts or other customer records are requested through subpoena or other administrative process issued by a state, federal, or local administrative agency . . . or where such records are requested pursuant to Georgia or federal

6

law governing civil practice or procedure in conjunction with an ongoing civil action in a Georgia state or federal court of competent jurisdiction;

(3)    Where the records of accounts or other customer records are requested in conjunction with an ongoing criminal or tax investigation of the depositor or other customer by a state or federal grand jury, taxing authority, or law enforcement agency; or

(4)    Where the records of accounts or other customer records are requested by any state or federal regulatory agency having jurisdiction over the financial institution.

O.C.G.A. §7-1-360; see also subsections (b) (customer notification) and (c) (opportunity to object).

Defendant is not entitled to private and confidential information about United's borrower or records of the PPP Loan under any of the four subsections of Section 360(a) because (1) United is not a proper or necessary party to the Vermont criminal case, (2) the April Subpoena was not issued in an administrative or civil proceeding, (3) the records are not being requested in conjunction with a criminal or tax investigation of United's borrower and (4) Defendant is not a regulatory agency with jurisdiction over United.  See O.C.G.A. §7-1-360(a).

The April Subpoena is overly broad, unduly burdensome and problematic for the reasons set forth in the Good Faith Email, which Defendant's counsel has

not addressed on the merits, other than by saying Defendant "is not agreeable to the limited production."

Further, it appears from a motion filed in the Vermont criminal case that the Government already provided Defendant certain information concerning the PPP loan in issue in the April Subpoena.  See Unopposed Motion for Issuance of Subpoenas filed February 7, 2023 at 5 ("On August 23, 2022, the government produced discovery related to the SBA Loans."), a copy of which is attached hereto as **Exhibit 5**.

Attempting to harmonize the cases cited in the Good Faith Email:  Diamond Ventures, which holds that SBA borrowers have an expectation of privacy in the information contained in their loan applications and WP Company, which required the SBA to release the names, addresses and precise loan amounts of all individuals and entities that obtained PPP loans, United offered in the Good Faith Email to provide Defendant limited information about the PPP Loan, that is, "a loan history, promissory note and loan agreement," notwithstanding O.C.G.A. Section 7-1-360(a).  See Diamond Ventures, LLC v. Barreto, 452 F.3d 892, 899 (D.C. Circ. 2006); WP Co. LLC v. U.S. Small Bus. Admin., 502 F. Supp. 3d 1, 26-28 (D.D.C. 2020).  United objected in the Good Faith Email, and here maintains its objection, to producing any further information about the PPP Loan, including the

loan application, other confidential business information or any communications between United and the SBA.

If Defendant already has received from the Government the non-private portion of the United PPP loan information in issue, United submits the April Subpoena should be quashed.  Alternatively, United asks the Court to (a) narrow the scope of the April Subpoena to a loan history, promissory note and loan agreement for the PPP Loan and (b) not require United to produce private and confidential records with respect to the PPP Loan, including the loan application and borrower's other private financial information and United's internal business records and communications with the SBA.

## **CERTIFICATION**

In accordance with Local Criminal Rule 12.1(D), United's undersigned counsel, Jill Warner, certifies that she has in good faith attempted to confer with Defendant's counsel in an effort to resolve the matters involved and that her efforts to do so have failed.

## **CONCLUSION**

For all of the foregoing reasons, United respectfully submits that the Subpoena should be quashed or modified as set forth herein.

9

Respectfully submitted,

/s/Jill Warner

BROOKS & WARNER LLC     Michael E. Brooks
1768 Century Boulevard NE, Suite     Georgia Bar No. 084710
B     Jill Warner
Atlanta, Georgia  30345     Georgia Bar No. 378472
(404) 681-0720 – Brooks Direct     jwarner@brooksandwarner.com
(404) 681-0730 – Warner Direct
(404) 681-0780 – Fax     Attorneys for Non-Party United
Community Bank

10

<u>VERIFICATION</u>

I, Jill Warner, a Partner with Brooks & Warner LLC, have personal knowledge of the facts stated in this motion and declare under penalty of perjury that they are true and correct to the best of my knowledge.

Executed on April 17, 2023.

/s/Jill Warner
Jill Warner

<u>CERTIFICATION AS TO FONT AND POINT SELECTION</u>

In accordance with Local Rule 7.1(D), the undersigned certifies that this brief was prepared with Times New Roman 14, a font and point selection approved by the Court in Local Rule 5.1(C).

/s/Jill Warner
Jill Warner

CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2023, I electronically filed the foregoing **Non-Party United Community Bank's Motion to Quash or Modify Defendant's Subpoena and Supporting Memorandum of Law** with the Clerk of the United States District Court for the Northern District of Georgia using the CM/ECF system, and that I have mailed copies of such filing to the following:

> Brooks G. McArthur, Esq.
> GRAVEL & SHEA, PC
> Post Office Box 369
> Burlington, Vermont  05402

|  |  |
|---|---|
|  | /s/Jill Warner |
| BROOKS & WARNER LLC | Michael E. Brooks |
| 1768 Century Boulevard NE, Suite B | Georgia Bar No. 084710 |
| Atlanta, Georgia  30345 | Jill Warner |
| (404) 681-0720 – Brooks Direct | Georgia Bar No. 378472 |
| (404) 681-0730 – Warner Direct | jwarner@brooksandwarner.com |
| (404) 681-0780 – Fax |  |
|  | Attorneys for Non-Party United Community Bank |